AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Kevin Jayne)                                   USAO CW No. 22-102

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
| DAVID DUNN | ) Case No. 22-MJ-1972 |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  03/30/2022, through 08/29/2022  in the county of  Montgomery  in the  Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of child pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s *Timothy Devanney*

*Complainant's signature*

TIMOTHY DEVANNEY, SA-FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/13/2022

*/s David Strawbridge*

*Judge's signature*

City and state:   Philadelphia, Pennsylvania          DAVID R. STRAWBRIDGE

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Timothy Devanney, being first duly sworn under oath and deposed, state the following:

## INTRODUCTION

1. I have been employed as a Special Agent of the FBI since 2014. In my experience as a Special Agent, I have participated in the execution of numerous search and arrest warrants. I have investigated federal criminal violations related to human trafficking, kidnappings, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. Specifically pertaining to the area of child pornography and child exploitation investigations, I have gained experience in these investigations through training, discussions with other law enforcement officers, and everyday work conducting these types of investigations. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in many forms of media, including computer media. I also have experience participating in investigations involving the online distribution and sharing of child pornography using social networking platforms such as Telegram, Facebook, Instagram, Twitter, Discord, Snapchat, and Likee.

2. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents and witnesses, social media companies and forensic examiners. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant, and does not set forth all of my knowledge about this matter.

3. I submit this affidavit in support of a criminal complaint charging DAVID DUNN ("DUNN"), a resident of Red Hill, Pennsylvania, which is within the Eastern District of Pennsylvania, with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). For

the reasons set forth below, I submit that probable cause exists to believe that in or about August 2022, in the Eastern District of Pennsylvania, DUNN did knowingly distribute visual depictions of minors engaging in sexually explicit conduct that were transported or transmitted using any means or facility of interstate or foreign commerce, that is the Internet. Specifically, DUNN used his cellular phone to access the social media application Telegram, via the Internet, using the username "@kiley_butterflies" with a display name of "Tyler_yaboi," and an associated phone number of 267-905-8569 and sent files depicting minors engaged in sexually explicit conduct to Telegram user "Nova," as more fully detailed below.

## STATUTORY AUTHORITY AND DEFINITIONS

4. 18 U.S.C. § 2252(a)(2) and (b)(1) prohibits any person from knowingly distributing, or attempting to distribute, any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed; or that has been shipped or transported in or affecting interstate or foreign commerce; or which contains materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

5. The term "minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

6. The term "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)(A)(i)–(v), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

7. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data that is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

8. The term "child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

9. The term "child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

10. The term "computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. *See* 18 U.S.C. § 1030(e)(1).

## BACKGROUND ON TELEGRAM

11. Telegram Messenger (also known as "Telegram") is a cloud-based mobile and desktop messaging application purportedly owned and/or controlled by Telegram Messenger Inc.

Telegram can be used on smartphones, such as Apple iOS and Google Android devices, and on desktop computers, by users to send messages and media to each other. Telegram was founded in Russia, but, according to its website, it purportedly "has tried a number of locations as its base," and currently its "development team is based in Dubai." To sign up for a Telegram account, a user must provide a phone number. Telegram users can also select a username but are not required to. Usernames are unique, meaning only one user can have a particular username. Users can also select a display name, such as a first and last name. Display names are not unique.

12. Telegram is supported on various devices including smartphones, tablets, desktop computers and laptop computers, and Telegram can by synced on multiple devices at the same time. A user can log into Telegram using a phone number from as many devices as that user likes, even simultaneously. Unless a user enables a "lock" on the Telegram application, which may include two-factor authentication, anyone who gains access to an unlocked smartphone, tablet, or computer running Telegram will be able to access and view a user's Telegram account.

13. Telegram offers a variety of communication methods for its users including chats (users can send each other text messages, photos, videos, any files, and make voice calls); secret chats (secret chats use end-to-end encryption, which means only the sender and recipient have the ability to view the content of the chats. These secret chats also disappear and can be set to self-destruct); and groups (telegram allows collections of users to communicate with each other in chat rooms called groups. Groups may be by invitation only).

**PROBABLE CAUSE**

14. In December 2021, the social media company Discord[1] submitted multiple CyberTipline reports to the National Center for Missing and Exploited Children (NCMEC)

---

[1] Discord is a VoIP and instant messaging social platform. Users have the ability to communicate with voice calls, video calls, text messaging, media and files in private chats or as part of communities called "servers."

pertaining to a group of users on Discord who gathered in a Discord server (chatroom) entitled "Sanctuary" and as Discord reported in the CyberTipline reports, "appeared to be working together to sexually exploit minors over the Internet from approximately January 2019 through October 2021." Members of the Discord Sanctuary server discussed their sexual interests in minors, uploaded files directly to the Sanctuary server depicting what appeared to be minors engaged in sexually explicit activity, exchanged files via third party file sharing platforms like MEGA and DropMeFiles, and discussed their use of other social media platforms to locate minor victims such as Snapchat, Facecast, Likee, Unico, and Periscope.

15. One of the users reported by Discord was user "FeelingBleu#9596," who accessed Discord from an IP address that geographically located to Jacksonville, Florida. Discord User FeelingBleu#9596 was identified as residing in Jacksonville, Florida. On August 29, 2022, the FBI executed a search warrant at the residence of the individual identified as being Discord User FeelingBleu#9596. The investigation revealed that FeelingBleu#9596 used multiple online social media platforms to produce, advertise, receive, and distribute child pornography. During the execution of the search warrant, the FBI seized multiple digital devices from the residence including a Samsung Galaxy S20 cellular telephone, model SM-G981U. A forensic examination of the Samsung Galaxy S20 cellular telephone revealed multiple social media applications on the device including the application Telegram.

16. Further, the forensic examination of the Samsung Galaxy S20 revealed that a Telegram user account of "Nova" was being used on the device and that the Nova account communicated with multiple users including a user utilizing the username "@kiley_butterflies" with a display name of "Tyler_yaboi," and an associated phone number of 267-905-8569. (According to a response to legal process from Verizon Wireless, 267-905-8569 is subscribed to

DAVID DUNN's wife, G.D., at 928 Vanguard Drive, Red Hill, Pennsylvania, 18076, which is DAVID DUNN's home address.) The forensic examination revealed Telegram user Nova exchanged multiple messages and images with Tyler_yaboi, some of which appear to depict minors engaged in sexually explicit conduct as further detailed below. Users Nova and Tyler_yaboi exchanged over 3,000 private messages from March 30, 2022, through August 29, 2022, likely between Pennsylvania and Florida (in interstate commerce). A review of the messages shows Nova and Tyler_yaboi discussing minors in a sexual manner. Below are examples of when Tyler_yaboi sent files to Nova depicting what appear to be minors engaged in sexually explicit conduct.

17. On August 11, 2022, Tyler_yaboi sent two images to Nova. The images appear to be of the same female. The female has medium to long blonde hair. The first image of the female shows that she is crouching down on tile flooring and lifting her gray tee-shirt up so that her belly button is exposed. There is a white door visible behind the female. The female has no pants on and is fully nude from the belly button down. The female is exposing her nude pubic area to the camera. In the second image, the female is sitting on the same tile floor in front of the same white door. The female is completely nude. The female has her legs spread with her left leg higher in the air than her right leg. The female is exposing her pubic area to the camera. The words, "I hope you like it baby" are written across the image. The female appears to be a minor as she has no pubic hair and no breast development. Further, her facial structure and size of her body is also consistent with that of a minor. Based on my training and experience and understanding of 18 U.S.C. § 2256, I have probable cause to believe this file contains a visual depiction of a minor engaged in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals and pubic area.

18.     On August 16, 2022, Tyler_yaboi sent two images to Nova. The images appear to be of the same female. The female has medium to long blonde hair. One of the images depicts the female fully nude standing up in what appears to be a room of some sorts. A ceiling fan can be seen on the ceiling. The female's face and body down to right above her knees can be seen in the image. The female has her hands placed on her hips with her elbows bent. The female appears to have a birth mark on one of her legs. The female's nude pubic area and chest are exposed to the camera. The second image is of the same female. In this photo, only the female's face and part of her clothed chest is visible. The female has on a white shirt. The female has little red marks on her face that are likely there because of a filter being used by the female. The female appears to be a minor as she has little to no breast development and no pubic hair. The female's facial structure and the size of her body is also consistent with that of a minor. Based on my training and experience and understanding of 18 U.S.C. § 2256, I have probable cause to believe this file contains a visual depiction of a minor engaged in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals and pubic area.

## EXECUTION OF RESIDENTIAL SEARCH WARRANT AT DUNN'S RESIDENCE

19.     Law enforcement linked the phone number registered to the Tyler_yaboi Telegram account to David Dunn's residence. On December 9, 2022, the Honorable Scott W. Reid, United States Magistrate Judge, Eastern District of Pennsylvania, authorized a residential search of DUNN's home. On December 13, 2022, I, along with other FBI agents, executed the search warrant at DUNN's residence. During the search, a Samsung cellular telephone was located on DUNN's person, and a different Samsung cellular phone was found hidden in Dunn's garage. Law enforcement personnel conducted a preliminary on-site preview of DUNN's cellular telephone that he had on him. During this preview, law enforcement personnel, including myself,

located numerous pictures and videos of what appeared to be minors engaged in sexually explicit conduct on DUNN's phone. For example, one file depicted the vagina of a female that appears to be a minor, including because she had no pubic hair. Based on my training and experience and understanding of 18 U.S.C. § 2256, I have probable cause to believe this file contains a visual depiction of a minor engaged in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals and pubic area.

20. While the search warrant was being executed inside DUNN's residence, I along with another FBI agent interviewed DUNN. During the interview, DUNN stated he uses Telegram, Snapchat, and Likee to communicate with underage minor females. DUNN builds trust and rapport with the minor females and then requests the minor females send him sexually explicit images and videos of themselves. DUNN admitted that he used the Tyler_yaboi Telegram account. DUNN stated that he met the individual operating the Nova Telegram account on the live streaming application titled, "Likee." DUNN admitted to possessing, sending, and receiving child pornography from the Nova Telegram account. DUNN has Snapchat and Telegram on his Samsung Galaxy cellular phone. DUNN also locates child pornography on Tor (the Onion Router).  DUNN also uses Snapchat to "catfish" (i.e., luring minor females into communicating by pretending to be male closer in age to the minor female) minor females, including to induce them to produce child pornography.

## CONCLUSION

21.     Based on the foregoing, I submit that there is probable cause to believe between on or about August 11, 2022, and on or about August 16, 2022, DAVID DUNN, knowingly distributed visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and I respectfully request that a criminal complaint be issued for DUNN.

Respectfully Submitted,

*/s Timothy Devanney*

TIMOTHY DEVANNEY
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed
before me this 13th
day of December, 2022.

*/s David Strawbridge*

HONORABLE DAVID R. STRAWBRIDGE
United States Magistrate Judge