## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-07 |
| DAVID DUNN | : | |

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

On January 12, 2023, a grand jury in this district returned a three count indictment charging defendant David Dunn with child exploitation offenses described below.

The defendant has executed a plea agreement in which he agrees to plead guilty to count one of the indictment under the terms of a plea agreement. The Court has scheduled a guilty plea hearing for August 1, 2023, at 3:30 p.m.

## I.   PROCEDURAL HISTORY

The defendant was charged by criminal complaint in December 2022. On January 12, 2023, a grand jury in this district returned a three count indictment charging defendant David Dunn with one count of manufacture and attempted manufacture of child pornography in violation of 18 U.S.C. § 2251(a), (e); one count of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). On July 25, 2023, the defendant executed a plea agreement agreeing to plead guilty to count one.

## II.    <u>ELEMENTS OF THE OFFENSE</u>

The essential elements of manufacture and attempted manufacture of child

pornography under 18 U.S.C. § 2251(a), (e) are the following:

       (1)    The defendant employed, used, persuaded, induced, enticed or coerced any minor;

       (2)    to engage in any sexually explicit conduct;

       (3)    and attempted to do so;

       (4)    for the purpose of producing any visual depiction of such conduct; and

       (5)    that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce.

Adapted from Modern Federal Jury Instructions; Instruction 62-2. "Sexually explicit

conduct" is defined in 18 U.S.C. § 2256(2). "Producing" is defined in 18 U.S.C. § 2256(3).

"Visual depiction" is defined in 18 U.S.C. § 2256(5).

## III.    <u>MAXIMUM SENTENCE</u>

The Court may impose the following total statutory maximum and mandatory

minimum sentence on Count One (manufacturing and attempted manufacturing of child

pornography): 30 years' imprisonment, 15 year' mandatory minimum of imprisonment, a

mandatory minimum five years of supervised release up to lifetime supervised release, a

$250,000 fine, and a $100 special assessment. The defendant is also subject, under 18

U.S.C § 3014, if found to be not indigent, an additional assessment in the amount of

$5,000, and under 18 U.S.C. § 2259A, to an assessment of no more than $50,000. The

2

defendant is also subject, under 18 U.S.C. § 2259, to mandatory restitution of not less than $3,000 per victim. Forfeiture of all property used or intended to be used to commit or to promote the commission of the offense also may be ordered.

For each instance supervised release is revoked, the original term of imprisonment may be increased by up to 3 years on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

IV.    **PLEA AGREEMENT**

Through counsel, the defendant has stated his intention to enter a guilty plea under the terms of a plea agreement. The following is a summary of some of the essential terms of the plea agreement. To the extent this summary arguably differs from the terms of the plea agreement, the plea agreement controls.

- The defendant agrees to plead guilty to Count One of the Indictment charging him with manufacturing and attempted manufacturing of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. §§ 2428 and 2253. The defendant further acknowledges his waiver of rights, as set forth in the attachment to the plea agreement.

- At the time of sentencing, the government will move to dismiss Counts Two and Three of the indictment as to this defendant. The defendant waives the statute of

3

limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

- At the time of sentencing, the government will make whatever sentencing recommendation the government deems appropriate provided its recommendation is within the applicable Sentencing Guidelines range. The government understands that the defendant will seek a downward variance and request a sentence below the applicable guideline range based on his current medical condition. The government reserves the right to take a position on defendant's request at sentencing and may agree a downward variance is appropriate if evidence establishes a serious medical condition exists.

- At the time of sentencing the government will comment on the evidence and circumstances of the case, as described in paragraph 2.c. and 2.d.

- As more fully described in the plea agreement, the defendant has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current as required by federal and state law.

- The defendant has agreed to the payment of certain criminal monetary penalties, forfeiture, and restitution in a manner more fully described in the plea agreement.

4

- For instance, the defendant agrees that restitution shall include losses caused by the defendant's relevant conduct in this case, as defined under USSG § 1B1.3, which includes all victims related to the dismissed counts and all victims identified in the defendant's electronic devices and social media accounts.

- The defendant agrees to pay (1) the special victims/witness assessment in the amount of $100; (2) under 18 U.S.C § 3014, if found to be not indigent, an additional assessment in the amount of $5,000; and (3) under 18 U.S.C. § 2259A, an additional assessment of no more than $50,000-all at such time as directed by the Court.

- The defendant agrees that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion:

  i.    a Samsung cell phone, model number SM-S908U, bearing serial number RFCT41YPQ8L; and

  ii.   a Samsung cell phone, model number SM-G955U, bearing serial number R38K60BT1NE.

- The defendant agrees to abandon all electronic devices seized from the defendant whether or not they contain contraband or evidence of a crime in this case, and agrees that the government may dispose of those devices as it sees fit.

- The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

- Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

  a.     The parties agree and stipulate that the base offense level under USSG § 2G2.1 is 32.

  b.     The parties agree and stipulate that 4 levels are added by application of USSG § 2G2.1(b)(1)(A) because the victim was under the age of 12.

  c.     The parties agree and stipulate that 2 levels are added by application of USSG § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act.

  d.     The parties agree and stipulate that 2 levels are added by application of USSG § 2G2.1(b)(3) because the defendant knowingly and willfully engaged in distribution.

  e.     The parties agree and stipulate that 2 levels are added by application of USSG § 2G2.1(b)(6)(A), & (B) because the offense involved the use of a

6

computer to entice.

f.      The parties agree and stipulate that 5 levels are added by application of USSG § 4B1.5(b)(1) because the defendant engaged in a pattern of activity of prohibited sexual conduct.

g.      The parties agree and stipulate that by application of USSG Chapter Five, Part A, Application Note 2, the total offense level should be treated as a 43.

h.      The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

i.      The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

• The defendant acknowledges that Rule 32 of the Federal Rules of Criminal Procedure, the U.S. Sentencing Guidelines, and Local Rules of the United States District Court provide for certain procedural safeguards that include certain minimum time periods for (1) the investigation and preparation of a draft Presentence Investigation Report ("PSR") by the United States Probation Office, (2) disclosure of the draft PSR, (2) objections to the draft PSR, if any, by the

parties, and (3) preparation and disclosure of a final PSR. During that PSR process, information may be developed that is mitigating, aggravating, and without impact on the defendant's ultimate sentence. The defendant knowingly and voluntary waives any right to avail himself of these procedural safeguards, including minimum time periods related to the PSR, the U.S. Probation Office's ability to conduct and/or complete an investigation, and the defendant's ability to comment on, or object to, information that might be provided by the U.S. Probation Office's investigation in the PSR. Pursuant to Federal Rule of Criminal Procedure 32(b)(1)(A)-(B), the government and the defendant stipulate and agree that there is in the record information sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. The defendant waives any right to a presentence report and agrees that sentence may be imposed without a presentence report or with an abbreviated presentence report that is issued without an investigation by the United States Probation Office.

- If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option pursue any of the remedies described in paragraph 17 of the plea agreement.

- In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any

8

appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, except for the narrow circumstances described in paragraphs 18-19 of the plea agreement.

- The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

- It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

## V.   **<u>FACTUAL BASIS</u>**

If this case were to proceed to trial, the government would introduce testimony, documentary, and other evidence in support of the following facts.

As described more fully below—and among other evidence—the defendant possessed child pornography on devices that were seized by law enforcement during execution of a December 2022 search warrant at his home, which included child pornography of children under the age of 12. Moreover, the defendant had online Snapchat accounts, which he used to produce child pornography involving multiple minor females, most of whom were under the age of 12 years. The defendant also used

9

Telegram to distribute and receive child pornography.

   **A.     A Child Exploitation Investigation of "A.E." in Florida Leads to David Dunn.**

In August 2022, the FBI executed a search warrant at the Jacksonville, Florida residence of "A.E." A.E. had used multiple online social media platforms to produce, advertise, receive, and distribute child pornography.

A forensic examination of A.E.'s Samsung Galaxy S20 cellular telephone revealed multiple social media applications on the device including the application Telegram (an encrypted, cloud-based social media messaging service that does not provide records to law enforcement).

The Samsung Galaxy S20 revealed that a Telegram user account of "Nova" was being used on the device and that the Nova account communicated with multiple users including a user utilizing the username "@kiley_butterflies" with a display name of "tyler_yaboi," and a Telegram-associated phone number of 267-XXX-8569. As described below, tyler_yaboi was a Telegram account used by David Dunn.

The forensic examination revealed Telegram user Nova and tyler_yaboi exchanged over 3,000 private messages from March 30, 2022, through August 29, 2022. A review of the messages shows Nova and tyler_yaboi discussed producing child pornography. The messages also show that Nova and tyler_yaboi exchanged child pornography on several occasions.

On December 7, 2022, a search warrant was issued to complete a remote search of

A.E.'s Nova Telegram account. The Telegram chats between the Nova and Tyler_yaboi accounts, contain information attributing the Tyler_yaboi account to the defendant.

**B.     Tyler_yaboi is Revealed to be the Defendant David Dunn Living in Red Hill, Pennsylvania.**

In an effort to identify the user of the Tyler_yaboi Telegram account, records were sought from Verizon for 267-XXX-8569, which was the phone number registered to the Tyler_yaboi Telegram account. Verizon's records return show that phone number 267-XXX-8569 was activated on July 29, 2020, and was in the name of the defendant's wife at their home in Red Hill, Pennsylvania.

Before his arrest, David Dunn worked as a delivery driver for Door Dash. On October 25, 2022, legal process was issued to Door Dash. Door Dash's records return show, among other things, that David Dunn was a delivery driver for Door Dash with a phone number of 267-XXX-8569 (the same phone number registered to the Tyler_yaboi Telegram account), email address of ddunn19650@gmail.com, the defendant's address in Red Hill, a Red Kia Sorento associated with the defendant, and use of a Samsung SM-S908U 12 cellular phone.

**C.     The Defendant's Use of Snapchat, Including the Factual Basis for Count One.**

**1.     A.E. and the Defendant Together Communicate on Snapchat with Minor Females.**

A.E. used the Snapchat usernames "nova_starr2019" and "foxxienova22" to portray himself as a female who was between 10 and 12 years old named Nova. A.E.

used the accounts to coerce minors into producing sexually explicit content of themselves. A.E.' cell phones had communications between the Snapchat accounts foxxienova22 and "kiley_butterfly" with a display name of "Kiley Cool." Foxxienova22 and kiley_butterfly were in multiple group chats with what appear to be minor females.

A.E. also used a male catfish Snapchat username of "chasewolf6904." A review of A.E.' cell phones revealed that the chasewolf6904 Snapchat account communicated with Snapchat user "t_yaboi2020."

### 2.    t_yaboi and kiley_butterfly Accounts Were Used by an IP Address at the Defendant's Home.

In October 2022, Snapchat provided records pursuant to a 2703(d) order. The Snapchat, account t_yaboi2020 was created on January 3, 2020, and utilized IP address 71.224.101.185 on September 14, 2022, on a Samsung model SM-S908U cell phone. (This is the same model Samsung cellular phone used by David Dunn according to Door Dash subpoena records.) Snapchat account kiley_butterfly was created on March 10, 2022, and used the same IP address, 71.224.101.185, which resolved to Comcast Cable Communications.

On November 9, 2022, Comcast Cable Communications provided subscriber information for the IP address. The subscriber's name on the account is the defendant's wife at their address in Red Hill, Pennsylvania.

### 3.    Results of Search Warrant to Snapchat for Tyler_yaboi and kiley_butterfly Accounts, Including the Defendant's Manufacturing/Production in Count One.

In December 2022, search warrants were executed to Snapchat for the kiley_butterfly and t_yaboi2020 accounts. On the defendant's kiley_butterfly Snapchat account, on August 22, 2022, at approximately 11:30 p.m., kiley_butterfly exchanged the below Snapchat messages with user-victim "K.L.":

KL:   I really wish though and yeah I am really far through hold up I will do something real quick

KB:   (Emoji) Ok me too.

KL:   So hot (emoji)

        Hold up I am going to do one

KB:   kk thanks baby

        Same for you I'd do anything

        Yummy (emoji) I love it (emoji) baby

        So hot

KL:   Thank you so much I love yours so much too (emojis)

KB:   Thanks and can you imagine doing it together in bed

A photo gallery was found on the defendant's Samsung Galaxy S22 cellular phone titled, "Hidden." Within the "Hidden" folder, was a subfolder titled, "[K.L.]" A video, dated August 22, 2022, 11:27 p.m., was found in this folder. The video was 0:21 in length. The video was of a minor female masturbating with her hand. The female in the video appears to be a minor as she has little or no pubic hair. This file contains a visual depiction of a minor engaged in sexually explicit conduct, that is, the lascivious

13

exhibition of the minor's genitals and pubic area.

During a review of Arin A.E.'s Telegram account, law enforcement found that on August 23, 2022, at approximately 12:33 a.m., Telegram user @itsonlyme, display name Tyler_yaboi, sent user Nova a message, "[K.L.]", and sent a photo and three videos. One of the videos is the same 0:21 video described above. Tyler_yaboi then messaged to Nova, "It wasn't the best but at least she's back now. She said she will do more in the morning if she can."

On Dunn's kiley_butterfly Snapchat account, on August 23, 2022, at approximately 10:30 p.m., kiley_butterfly exchanged the below Snapchat messages with user K.L.:

KB: I can do one in bed real quick

KL: Ooo

KB: Brb

KL: Okay

So yummy

So hot

KL: Ima do one okay and I will make it good for you

And Yw

KB: Ok baby can you do it with better light or no

KB: I loved it baby and you have some hair on your pussy I didn't notice but it's so nice I wanna just lick you (emoji tongue out) down there all night long And I'll be

14

back as soon as I'm done baby

During a manual review of Dunn's Samsung Galaxy S22 cellular phone seized by search warrant, a photo gallery folder on the phone was discovered titled, "Hidden." Within the "Hidden" folder, was a subfolder titled, "[K.L.]." A video, dated August 23, 2022, 10:34 p.m., was found in this folder. The video was 1:02 in length. The video was of a minor female masturbating with her hand. The minor female also showed her chest and anus in the video. The female in the video appears to be a minor as she has little to no breast development and little or no pubic hair. The female's facial features are also consistent with that of a minor. This file contains a visual depiction of a minor engaged in sexually explicit conduct, that is, the lascivious exhibition of the minor's genitals and pubic area.

This video of the minor female victim K.L. is the basis for Count One (manufacture of child pornography).

During a review of A.E.'s Telegram account, law enforcement found that on August 23, 2022, at approximately 11:44 p.m. Telegram user @itsonlyme, display name Tyler_yaboi, sent user Nova a message, "[K.L.] tonight", and also sent a three videos. One of the videos is the same 1:02 video described above.

During a review of Dunn's Kiley_Butterfly Snapchat account, it was discovered on August 3, 2022, Dunn exchanged the below Snapchat messages with user "[K.L.]":

KB:   How old are you?   I'm 11

KL:   I'm 10

KB:   Ok (thumbs up emoji)

KL:   My birthday is in May 17th

KB:   Mine is Sept 15

Later, on August 23, 2022, Dunn exchanged the below Snapchat messages with the same user.

KL: And when your older you can whatever you want

KB: Yess I cant wait till Im 18 and can do whatever

KL:   Samemeeee

KB: Yay

KL: 8 more years

KB: We should sleep baby

　　　Yep

KL:   Yeah I know

KB:   7 for me

KL:   Wait your 11

KB: Your 10 when will you be 11

　　　Yes

KL: When did you turn 11

KB:   Idc that your 10

　　　September

**D.**　　**During Execution of the Search Warrant, Dunn Confesses to**

**Manufacture, Distribution, and Possession of Child Pornography During a Voluntary Statement With Law Enforcement.**

During the execution of the search warrant at the defendant's residence on December 13, 2022, investigators found a Samsung cellular telephone model Samsung SM-S908U, bearing serial number RFCT41YPQ8L, that was located on the defendant; a Samsung S8 Phone, bearing IMEI 357756083261277, that was hidden in the defendant's garage; an Amazon tablet; and a blue HP laptop. The two cell phones both contained child pornography.

For a more specific example, Dunn's Samsung cellular telephone model Samsung SM-S908U, bearing serial number RFCT41YPQ8L, had numerous images and videos consistent with child pornography stored on the device.

During execution of the warrant at his home, the defendant provided a voluntary recorded statement to investigators. Among other information, the defendant confessed to being a producer, receiver, distributor, and possessor of child pornography. More specifically, the defendant stated:

- The defendant has been attracted to minor females since approximately the mid-90s after he turned about the age of 30.

- The defendant seeks minor females who are between the ages of 10 and 15 years of age.

- The defendant has shared over 1,000 images of child pornography.

- The defendant has posed as a minor male and minor female online to entice minor

17

females to speak with him. The defendant did this using social media applications such as Likee and Snapchat.

- The defendant acquired numerous nude photos from minor females on Snapchat and Likee. To entice the minor females to send him child pornography, Dunn built trust with these minor females over time. Sometimes Dunn sent minor females naked photos of a minor male he pretended to be. Dunn acquired photos of the minor male by accessing the dark web and downloading child pornography of the boy.

- The defendant participated in Telegram chats with other adult males who were also sexually attracted to minors. Dunn's username on Telegram was @Itsonlyme2020. He also had the username Tyler_yaboi (a username that matched the one the government knew Dunn to use previously).

- The defendant used Telegram because it was encrypted and secure.

- The defendant and user "Nova" traded child pornography on Telegram. Dunn believes Nova is an adult male from Florida.

- The defendant and Nova exchanged messages on Snapchat and were in group chats together with minor females. Dunn and Nova enticed the minor females to send them nude photos and videos. Dunn and Nova would then trade the child pornography on Telegram.

- When interacting with minor females online, Dunn asked minor females to perform specific nude poses.

18

- The defendant masturbated to child pornography.

- The profile picture on the defendant's Tyler_yaboi Telegram account is of a boy he did not know personally. The defendant met a minor female online and the boy was a friend.

- The defendant last spoke online with a minor female the morning he was detained by the FBI on December 13, 2022. He last received child pornography the day before on December 12, 2022.

**E.     Interstate Nexus.**

The interstate nexus for federal jurisdiction is established through the defendant's use of his cell phone, which was transported/shipped in interstate commerce, to produce the images of child pornography, and his use of the Internet to distribute the images to a user in Florida.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s *Kevin Jayne*
_____

KEVIN JAYNE
Assistant United States Attorney

19

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day I caused a true and correct copy of the

Government's Change of Plea Memorandum to be served on counsel for defendant by

ECF:

Rossman Thompson, Esquire
Federal Community Defender Office
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

/s *Kevin Jayne*

_____

KEVIN JAYNE
Assistant United States Attorney

Date: July 31, 2023

20